

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY OSBORN,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:16-CV-0308-G (BF) |
| | § | |
| THE BANK OF NEW YORK MELLON<br>f/k/a Bank of New York, as Trustee for the<br>Certificate Holders of the CWABS Inc.,<br>Asset-Backed Certificate Series 2005-4<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant The Bank of New York Mellon f/k/a Bank of New York, as Trustee's, Motion to Dismiss Plaintiff's Original Petition [D.E. 6] and Plaintiff Charles Ray Osborn's Objection to Notice of Removal and Motion for Summary Judgment for Lack of Timely Response [D.E. 7]. This case has been referred to the undersigned for pretrial management. *See* Special Order 3. Based on the parties' briefing, the Court recommends as follows.

### BACKGROUND

On April 13, 2005, Plaintiff Charles Ray Osborn ("Osborn") executed both a Texas Home Equity Note ("Note") and Texas Home Equity Security Instrument ("Instrument") (collectively, the "Loan"). Ex. A, B [D.E. 6-1 at 3-23]. The Loan relates to property located in Ellis County, commonly known as 730 Becky Lane, Waxahachie, Texas 75165 (the "Property"). Mot. Dism [D.E. 6 at 1]. The lender on the Note was America's Wholesale Lender. Ex. A [D.E. 6-1 at 4]. Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary under the Instrument. Ex. B [D.E. 6-1 at 8]. In November 2008, MERS assigned its interest under the Instrument to The Bank

of New York Mellon ("Mellon"), formerly known as Bank of New York. Mot. Dism. [D.E. 6 at 2]. At some point in time between 2008 and August 2015 Mellon attempted to foreclose on the Property and Osborn filed suit against Mellon. Dispute [D.E. 1-2 at 2]. Mellon then removed this action to federal court. Notice Removal [D.E. 1].

Mellon filed a motion to dismiss, arguing that Osborn has failed to state any claims for which relief can be granted. Mot. Dismiss [D.E. 6 at 9]. After the Court ordered him to do so, Osborn filed his Response to Mellon's motion to dismiss. [D.E. 15]. Osborn also countered with a motion questioning the Court's jurisdiction over the matter and summary judgment. [D.E. 7]. Although, Mellon filed a response, Osborn did not file a reply. *See* Docket. The time for filing a reply has long since come and gone. *See* Local Civil. R. 7.1(f).

## LEGAL STANDARDS
### Motion to Dismiss

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P.

8(a)(2)). In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

## Removal

Generally, a defendant may remove a civil action from state court to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a). An action can be filed originally in federal court if subject-matter jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. Subject-matter jurisdiction can exist if the action is based on a federal law question or where diversity of citizenship exists between the parties to the action. *Id.* Diversity of citizenship requires plaintiffs to establish that the matter in controversy exceeds $75,000 and the controversy is between a plaintiff and defendant of different states. 28 U.S.C. § 1332(a)-(b). If a plaintiff does not allege an amount of damages in the state court petition, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the statutory amount]$^1$." *De Agular v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

## Motion for Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be

---

[2] When *De Agular* was decided, the statutory minimum amount under 28 U.S.C. § 1332 was $50,000.

satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## MELLON'S MOTION TO DISMISS

In his complaint[2], Osborn alleges numerous causes of action. *See* Dispute [D.E. 1-2 at 3-4]. The causes of action include: (1) Mellon's foreclosure action is barred by the statute of limitations; (2) Mellon lacks standing to foreclose on the Loan; (3) Mellon has engaged in dual tracking; (4) Mellon has failed to mitigate its damages or to make good faith efforts to mitigate; (5) Mellon improperly applied payments made by Osborn; (6) Mellon did not give required notices; (7) Mellon has failed to comply with Federal Housing Administration ("FHA") regulations; (8) Mellon has failed to comply with United States Department of Agriculture ("USDA") regulations; (9) Mellon is estopped and has waived its ability to pursue foreclosure of the Property; (10) Mellon's attempts to foreclose are prevented by accord and satisfaction; (11) Mellon has ratified actions that prevent foreclosure; (12) Res judicata prevents Mellon from foreclosing on the Property; (13) Judicial

---

[2] The title of Osborn's initially filed document is Dispute of Respondent's Right of Foreclosure and Request for Mediation ("Dispute of Respondent"). When it was initially filed, the state court interpreted this filing as an original complaint. Mot. Dismiss [D.E. 6 at 2]. This Court follows suit and treats Osborn's Dispute of Respondent as an original complaint.

estoppel or claim preclusion prevent Mellon from foreclosing on the Property. In his Response, Osborn fails to defend any of his causes of action. *See* Resp. [D.E. 15]. Instead, he argues that Mellon's motion would not resolve any matters. *Id.* [D.E. 15at 2].

The failure to pursue a claim beyond the initial complaint constitutes abandonment. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006). Because Osborn fails to defend any of his claims in his Response to Mellon's motion to dismiss, he has abandoned all of his claims. *See id.* Therefore, the undersigned recommends that Defendant The Bank of New York Mellon f/k/a Bank of New York, as Trustee's, Motion to Dismiss Plaintiff's Original Petition [D.E. 6] be **GRANTED** and all of Plaintiff's causes of action be dismissed.

## OSBORN'S OBJECTION TO REMOVAL

In his objection to removal from state court, Osborn does not present any issue that would prevent the Court from exercising jurisdiction of this matter. *See* Obj. [D.E. 7]. Because Mellon has asserted that subject-matter jurisdiction exists and Osborn presents no evidence to the contrary, the undersigned recommends that the District Court **OVERRULE** this objection and any associated relief be **DENIED**.

## OSBORN'S MOTION FOR SUMMARY JUDGMENT

The Local Civil Rules (the "Local Rules") provide that a motion for summary judgment cannot be filed within 90 days of trial and "a party may file no more than one motion for summary judgment." Local R. 56.2. This motion must include a heading entitled "summary," and "state concisely the elements of each claim or defense as to which summary judgment is sought." Local R. 56.3(a). Furthermore, the Local Rules require a brief to accompany a motion for summary judgment. Local R. 7.1(h). This brief must "set[] forth the moving party's contentions of fact and/or

law, and arguments and authorities." Local R. 7.1(d). This "brief must be filed as a separate document from the motion or response that it supports." Local R. 56.5(a).

Here, Osborn has failed to comply with the Local Rules. *See* Local Rules 7.1, 56.1-.7. Osborn did not include a heading entitled "summary," and he did not state the elements of his claims or defenses regarding summary judgment. *See* Local R. 56.3(a). Osborn also fails to include a brief with his motion for summary judgment. *Id.* at 7.1(h). Because no brief has been included with Osborn's motion, he has failed to state contentions of fact and law or present arguments and authorities. *Id.* at 7.1(d). Osborn should have been aware of these requirements because he was instructed at the beginning of the case to "read and follow the Court's Local Civil Rules and the Federal Rules of Civil Procedure." Notice and Instructions [D.E. 3]. Because Osborn has failed to comply with the Local Rules and does not set forth any contentions upon which summary judgment should be granted, the undersigned recommends that his motion be **DENIED**.

## CONCLUSION

For the previously stated reasons, the undersigned recommends that Defendant The Bank of New York Mellon f/k/a Bank of New York, as Trustee's, Motion to Dismiss Plaintiff's Original Petition [D.E. 6] be **GRANTED** and all of Plaintiff's causes of action be dismissed and he be allowed 14 days to file an amended complaint. The undersigned also recommends that Plaintiff Charles Ray Osborn's Objection to Notice of Removal and Motion for Summary Judgment for Lack of Timely Response [D.E. 7] be **DENIED** in its entirety.

**SO RECOMMENDED**, this 13 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).